ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATIONAL GENERAL INSURANCE COMPANY, | ) ) CASE NO. 5:05CV1819 |
| Plaintiff, | ) ) ) |
| v. | ) Judge John R. Adams ) |
| GOODYEAR TIRE & RUBBER CO., *et al.*, | ) MEMORANDUM OPINION & ORDER ) [Resolving Doc. 12] |
| Defendants. | ) ) |

This matter comes before the Court on motion by Defendants Goodyear Tire & Rubber Company and Monaco Coach Corporation. In their motion, Defendants jointly move the Court to transfer this case to the United States District Court for the Middle District of Florida upon the grounds that Florida is a more convenient forum. Plaintiff National General Insurance Company opposes the transfer, claiming that venue is proper. For the reasons set forth herein, Defendants' motion is GRANTED.

**I. Facts & Procedure**

On April 5, 2001, non-parties George and Loretha Washington ("the Insureds") purchased a Monaco Windsor motor home that was manufactured by Defendant Monaco. The motor home was equipped with tires manufactured by Defendant Goodyear.

On May 26, 2002, slightly over one year after the Insureds purchased the motor home, they were driving in Florida when the right front tire of the motor home failed and they lost control of the vehicle. The motor home was damaged beyond repair and the Insureds suffered additional property damage and bodily injuries. Plaintiff, pursuant to an insurance policy with

the Insureds, paid them for their losses.

On June 20, 2005, Plaintiff filed this action seeking subrogation of the amount it paid to the Insureds.[1] According to Plaintiff's Complaint, Defendants knew that their tires were unreasonably dangerous on the motor home.  As a result, they allegedly held several meetings at which they acknowledged the dangers associated with the use of the Goodyear tires on Monaco Windsor motor homes.  Plaintiff alleges that although Defendants knew of the dangers, they could not agree on who was to pay for the tires and failed to fix the problem before the Insureds' accident. The Complaint lists the following causes of action against Defendants: (1) Negligence; (2) Strict Liability; (3) Breach of Implied Warranties; (4) Fraud in the Inducement; and, (5) Negligent Misrepresentation.

On August 17, 2005, Defendants filed the within joint Motion to Transfer Venue.[2] According to Defendants, Plaintiff filed this action in an attempt to deprive the United States District Court for the Middle District of Florida of the authority to decide this controversy. Defendants claim that Plaintiff's decision to file this action in Ohio amounts to forum shopping. They believe that venue is proper in Florida because: (1) the operative events occurred in Florida; (2) key witnesses and documents are in Florida; (3) the parties specifically contemplated litigating any claims in Florida; and, (4) Florida law will likely apply.  Plaintiff, on the other hand, argues that venue is proper in this district.  The Court will address the parties' arguments

---

[1] Plaintiff initially filed an action in Florida state court.  Defendant Goodyear removed the action to the Florida district court and Plaintiff voluntarily dismissed it later.  Plaintiff added Defendant Monaco and filed its Complaint in this Court.  It claims that its causes of action relate to newly discovered acts that took place in Akron, Ohio and, because of this, venue is proper.

[2] Defendants also filed individual motions to dismiss and alternative motions for a more definite statement.  The Court need not deal with those motions, however, because it finds a transfer is appropriate.

in turn.

### III. Law & Analysis

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."[3] The statute places discretion in the district court to adjudicate motions to transfer on an individualized case-by-case consideration of convenience and fairness. *Steward Org., Inc. v. Rioch Corp.*, 487 U.S. 22, 29 (1988). The Sixth Circuit has provided its own description of the relevant factors, such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness . . . ." *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1337 (6th Cir. 1991) (citation omitted). Among some of the important private interests that a court must consider are the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining the attendance of unwilling witnesses. *Rustal Trading US, Inc. v. Makki*, 17 Fed.Appx. 331, 336 (6th Cir. Aug. 21, 2001). Relevant public interest factors include: the administrative burden of proceeding in courts with congested dockets; the burden of imposing jury duty on people of a community with no connection with the litigation; the desirability of holding a trial nearest to those affected most by it; and, the appropriateness of holding a trial in a diversity case in a court most familiar with the governing law. *Id.* While a plaintiff's choice of forum is given great weight in deciding whether to transfer venue, this factor is not dispositive. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 398, 413 (6th Cir. 1998).

---

[3] Neither party disputes the propriety of both jurisdiction and venue in the Florida district court.

**1.  Private Interest Factors**

The convenience of the parties is the first factor that a court must weigh.  Out of the three parties – Plaintiff, Defendant Monaco and Defendant Goodyear – the only party who is domiciled in Ohio is Defendant Goodyear.  At first blush, this fact seems to weigh against the transfer; however, Defendant Goodyear (who would be the only party to apparently benefit from venue in this jurisdiction) has moved for the transfer.  Accordingly, this factor weighs neither in favor of the transfer or against it.

The convenience of the witnesses is the second factor this Court must weigh.  Defendants argue that the key witnesses (the Insureds, emergency personnel, and representatives from the dealership at which the Insureds purchased the motor home) reside in Florida.  Because of this, Defendants argue, venue in Florida makes sense for the convenience of the witnesses.  Plaintiff, on the other hand, argues that the key witnesses will likely reside in Ohio.  According to Plaintiff, they primary issue in the case relates to the key meetings that occurred in Ohio; therefore, it argues that venue is more convenient in Ohio.

Having reviewed both parties' positions, the Court finds that this second factor weighs in favor of a transfer.  In determining the most convenient forum for witnesses involved in this litigation, the Court focuses its inquiry not on party witnesses, but on non-party witnesses. "[T]here is a distinction between party witnesses and non-party witnesses.  Party witnesses are the parties themselves and those closely aligned with a party, and they are presumed to be more willing to testify in a different forum, while there is no such  presumption as to non-party witnesses." *Ramsey v. Fox News Network, LLC*, 323 F.Supp.2d 1352, 1356 (N.D. Ga. 2004). Because the majority of events – with the exception of the Ohio meetings – took place in Florida,

4

it appears that any non-party witnesses will likely reside in Florida. Moreover, any non-party witnesses would likely be outside of this Court's subpoena power. Therefore, Florida appears to be the most convenient forum in which to conduct this litigation.

Another factor the Court must consider is which forum would provide ease of access to sources of proof. Despite Plaintiff's allegations of certain meetings that occurred in Ohio, the overwhelming majority of the events occurred in Florida. As previously stated, the Insureds are Florida residents who purchased their motor home in Florida and suffered an injury in Florida. Certainly, the primary event giving rise to Plaintiff's causes of action was the actual purchase of the motor home. Absent this purchase, neither the Insureds, nor Plaintiff standing in their shoes as subrogee, would have causes of action against either of the two Defendants. Although Plaintiff argues that certain relevant documents are located in Ohio, this fact alone does not weigh heavily against a transfer.

As Defendants correctly point out, the documents relating to the Insureds' purchase of the motor home, the accident itself, and the resulting damages are located in Florida. Plaintiff attempts to diminish the importance of the information that is located in Florida in relation to its claims. However, Plaintiff fails to acknowledge that the claims themselves arise out of actions that took place in Florida. In fact, a cursory review of Plaintiff's Complaint shows that several of its claims are based on representations that were made to the Insureds in connection with their purchase. Undoubtedly, those representations occurred in Florida. The fact that the underlying transaction occurred in Florida, coupled with the fact that the relative ease of access to sources of proof would occur in Florida, makes Florida the best location for this litigation.

.    **2.     Public Interest Factors**

The most compelling reasons that weighs in favor of a transfer, however, are the public interest factors. Because the Insureds were Florida residents, the State of Florida has a greater interest in this litigation than does the State of Ohio. Furthermore, as Defendants note, Florida law applies to this controversy and makes Florida the proper forum. It is well-established that a court sitting in diversity must apply the law of the forum state, including that state's choice of law principles. *Miller v. State Farm Mutual Auto. Ins. Co.*, 87 F.3d 822, 824 (6th Cir. 1996). Accordingly, this Court must apply Ohio's choice of law principles. Applying these principles, this Court must first determine whether the claims sound in contract or tort. *Miller v. State Farm Mutual Auto. Ins. Co.*, 87 F.3d 822, 824-25 (6th Cir. 1996) (citations omitted). If the basis of the action is deemed to be a tort action, the law of the state where the injury occurred controls. *Id.* If the action is based in contract, the law of the state where the contract was made controls. *Id.* Here, the Court finds that Plaintiff's claims sound in both contract and tort. Accordingly, Florida law would apply because the Insureds were injured in Florida and because they purchased their motor home in Florida.

### III. Conclusion

Defendants' Motion to Transfer is GRANTED and the Court hereby transfers the case to the United States District Court for the Middle District of Florida.

IT IS SO ORDERED.

| November 17, 2005 | *s/John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |